NO. 07-10-00140-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
22, 2010

 



 

WAYNE ERNEST BARKER, APPELLANT

 

v.

 

ROBYN FLOWERS AND MELISSA MIKES, APPELLEES 



 



 

 FROM THE 278TH DISTRICT COURT OF WALKER
COUNTY;

 

HONORABLE KENNETH H. KEELING, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Wayne Barker,
filed a notice of appeal on March 16, 2010, in the Waco Court of Appeals.  In his notice, he explains that he attempts
to appeal from the 278th District Clerk’s refusal to file his petition for writ
of mandamus in the trial court.

            On March 18, 2010, the Waco court sent a letter to Barker
noting that, based on his notice of appeal, it
appeared that it was without jurisdiction over his appeal.  The court directed him to respond by showing
how the court had jurisdiction and warned him that, unless grounds were shown
to continue the appeal, his appeal would be dismissed.  See Tex.
R. App. P. 42.3(c).  He was given until April 8, 2010, to comply.

            On April 8, 2010, pursuant to the Texas Supreme Court’s
docket equalization efforts, this case was transferred from the Waco Court of Appeals
to this Court.  See Tex. Gov't Code Ann. § 73.001 (Vernon
2005).  To date,
Barker has failed to respond to the letter directing him to show grounds for
continuing this appeal.

            Generally, only final judgments of trial courts are
appealable.  Tex. Civ. Prac.
& Rem. Code Ann. § 51.012 (Vernon Supp. 2009); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Barker asserts in his notice of appeal that
there is no record in this case because the case was never filed.  Therefore, naturally, there could be no
final, appealable order for our review. 
Without a final, appealable order, we are without jurisdiction.  Barker has failed to show how we otherwise
have jurisdiction over this appeal.

            Accordingly, we dismiss his appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a).

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice